UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>NINA BURNSIDE dba Soul Legacy Entertainment, et al.,<br><br>        Defendants. | No. 2:17-cv-0602 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Leon Allen, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 7.) Therein, plaintiff complains about the "Denial of Right to Due Process and constitutional rights per improper mortgage company procedures." (Compl. (ECF No. 1) at 5.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without prejudice.

1

I. <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

The court is required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)); <u>see also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. <u>See</u> 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

////
////
////

II.     Amended Complaint

    A.     Jurisdiction

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, the amended complaint does not allege that this court has diversity jurisdiction over this action. (Am. Compl. (ECF No. 7) at 3.) And it appears from the allegations found in the amended complaint that plaintiff and defendants are all citizens of California. (Id. at 1-2.) Thus, there is not complete diversity between the parties.

The amended complaint does allege that the court has federal question jurisdiction over this action. (Id. at 3.) In this regard, the amended complaint alleges that "28 USC 1331-1446, AND ARTICLE III CONSTITUTIONAL RIGHTS" are at issue in this action. (Id.) The amended complaint also alleges that this action concerns "INDIVIDUAL CIVIL RIGHTS PERTAINING TO THE CONSTITUTION OF THE UNITED STATES." (Id. at 4.)

However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

As explained in the September 27, 2017 order dismissing plaintiff's original complaint with leave to amend, 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

////

4

The allegations found in the amended complaint, however, fail to allege that any defendant acted under the color of state law. In this regard, the defendants are identified as private individuals, not state actors. (Am. Compl. (ECF No. 7) at 2.) "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

In this regard, the undersigned finds that the amended complaint fails to allege a basis for subject matter jurisdiction over this action.

B.     Rule 8

The amended complaint is composed of vague and conclusory allegations. In this regard, the amended complaint alleges that "[t]his action cites: Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures." (Am. Compl. (ECF No. 7) at 5.) The amended complaint, however, fails to allege any facts—such as the date a named defendant engaged in an alleged wrongful act—in support of that assertion.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

In this regard, the undersigned finds that the amended complaint fails to allege facts that state the elements of a claim.

////

////

III.     Leave to Amend

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim over which the court would have jurisdiction and upon which relief can be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the deficiencies noted above and plaintiff's inability to previously successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 21, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's October 25, 2017 amended complaint (ECF No. 7) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

////

Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\allen0602.dism.f&rs